## WADSWORTH LAND COMPANY v. PIEDMONT TRACTION COMPANY.

### (Filed 27 May, 1914.)

**New Trials—Evidence, Prejudicial—Appeal and Error.**

It is held, on consideration of this petition to rehear, that the decision heretofore filed is correct in holding that evidence of a substantive and material character had been admitted to the appellant's prejudice, and in awarding a new trial.

*Tillett & Guthrie, Maxwell & Keerans, Cansler & Cansler for petitioners.*

*Osborne, Cocke & Robinson, Pharr & Bell for respondent.*

PER CURIAM. This is a petition to rehear. Upon the former hearing a new trial was ordered on account of the admission of certain evidence, and upon a more careful examination of a voluminous record we are of opinion the error in admitting this evidence was cured in the charge, except as to the evidence of the value of other property, which was not withdrawn from the jury. The learned counsel for the plaintiff contends that this evidence of the value of other property was only admitted on cross-examination for the purpose of testing witnesses for the defendant, who had testified as to values; but this does not appear as to all of the evidence objected to. To illustrate:

A. J. Draper, a witness for the defendant, testified as follows: "Yes, I am a director in the Traction Company. I have been through the Wadsworth property a good many times on the street car. I know what the Traction Company proposes to do. I do not think that its operations through the property would injure it. I do not think a few more trains one way or the other through that property would make any difference."

Cross-examination: "Yes, I am also a director in the Stephens Company. It is developing some very high-class residential property east of the city. It paid more than $200 an acre for 1,200 acres on the east side of Sugar Creek. I think we have a very beautiful piece of property out there. We have been laying sewerage and water lines and putting down bitulithic on the streets and sidewalks."

Q. "And you have been selling those lots that you paid $200 an acre for, at about $5,000 an acre?" (Objection. Overruled. Exception by the Traction Company.) "$4,500 is the highest that I have heard of an acre."

Adhering to our former ruling as to the admissibility of this evidence, the petition to rehear is dismissed.

Petition dismissed.

HOKE, J., dissents.